UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**HUNG LE and CAO NGUYEN**                                                                              **PLAINTIFFS**


**V.**                                                            **CIVIL ACTION NO. 1:06CV388 LTS-RHW**


**ALLSTATE INSURANCE COMPANY**
**and BRENDA PACE**                                                                                      **DEFENDANTS**


## MEMORANDUM OPINION

The Court has before it Plaintiffs Hung Le (Le) and Cao Nguyen's (Nguyen) motion to remand.  For the reasons set out below, this motion will be granted.

Plaintiffs are insured under a homeowners insurance policy issued by Defendant Allstate Insurance Company (Allstate).  Plaintiffs purchased this policy through one of Allstate's local agents, Defendant Brenda Pace (Pace).  Both the plaintiffs and Pace are resident citizens of Mississippi.  If Pace has been properly joined as a party defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332.

This is an action for property damage sustained during Hurricane Katrina. Following the storm, the plaintiffs made a claim for property damage under their homeowners policy.  Allstate denied the plaintiffs' claim, relying on an exclusion in the policy that applies to flood damage.

Plaintiffs allege that at the time they purchased the policy in question they requested that Defendant Pace provide them with "a homeowners policy that covered all damages to my property caused by hurricanes." (Affidavit of Plaintiff Cao Nguyen Paragraph 2) Plaintiffs allege that "I asked Brenda Pace whether I needed to obtain flood insurance to be fully protected from hurricanes." (Affidavit of Plaintiff Cao Nguyen Paragraph 3) Plaintiffs also allege that, "Brenda Pace told me that flood insurance was not needed because I already had full coverage for damage caused to my property from hurricanes." (Affidavit of Cao Nguyen Paragraph 4).

Allstate has removed this action on grounds of diversity of citizenship, alleging that Plaintiffs have fraudulently joined Pace in order to defeat diversity jurisdiction.  This is an issue on which Allstate has the burden of proof.  *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). Allstate's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is

fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiffs could prevail and establish a right of recovery against the non-diverse defendant.  If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

### Allegations of the Complaint

Plaintiffs have alleged that Pace misinformed them concerning the scope of the coverage afforded by the Allstate policy at issue.  Pace flatly denies this. (Affidavit of Brenda Pace Paragraph 6) Plaintiffs have asserted negligence as a ground for recovery against Pace.  As I appreciate the plaintiffs' theories of recovery, they contend that they fully informed Pace concerning their property and expressed their desire that she obtain coverage for all damages that might be expected to occur in a hurricane.  Plaintiffs allege that Pace told them that all hurricane damages would be covered by the Allstate policy and that they did not need to purchase flood insurance.  Plaintiffs allege that they relied upon Pace's statements in deciding not to purchase flood insurance.  Again, these allegations are sharply controverted by Pace.

### Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).  Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

### Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;

     2.     That the misrepresentation (or omission) was material or significant;
     3.     That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
     4.     That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
     5.     That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992). These essential elements may fit one of the plaintiffs' theories of recovery against Pace.

     Of course, the truth of Plaintiffs' allegations; the circumstances in which the events in question transpired; the question of what coverages were discussed and what decisions on coverage were made; and the reasons for these decisions are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. Likewise, the standard of care applicable to Pace and the question whether Pace acted in conformity with that standard of care must be made on a more fully developed record. At this juncture, however, Plaintiffs' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.

     Allstate contends that even if Pace made the statements the plaintiffs attribute to her, any cause of action against Pace is barred by the running of the statute of limitations. Allstate asserts that the applicable period of limitations began to run in 1995, when the statements plaintiffs attribute to Pace were made. However, in a negligence case, the statute of limitations does not commence until the tort is complete, and, in this case, that may not be until the date the plaintiffs sustained damages. Alternatively, the statute may begin to run on the date the plaintiffs could have discovered the negligence, by the exercise of reasonable care. This is a question of state law that is not before me, but I note that it is a question of law as to which, at this juncture, plaintiffs must be given the benefit of the doubt. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992).

     Without venturing any opinion on the merits of the plaintiffs' claim against Defendant Pace, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Pace and Allstate have failed to establish that Plaintiffs have no viable legal theory upon which they may proceed against Pace under their version of events.

     Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings. The subsequent removal of this

action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

  An appropriate order will be entered.

  Decided this 31st day of July, 2006.

                 s/ *L. T. Senter, Jr.*

                 L. T. Senter, Jr.
                 Senior Judge